The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Gregory M. Willis and the briefs and oral arguments before the Full Commission. Neither party appealing has shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for minor changes to finding of fact (7) and conclusion of law (3).
* * * * * * * * * * * * * * *
At the hearing before Deputy Commissioner Willis, the parties submitted a Pre-Trial Agreement containing certain stipulations which is incorporated herein by reference.
Additionally, in the Pre-Trial Agreement the parties agreed that the following were the only issues to be determined at the hearing before Deputy Commissioner Willis on 28 December 1994.
1. Whether plaintiff sustained a compensable injury by accident;
2. Whether defendant is entitled to the affirmative defense of intoxication; and
3. The amount of plaintiff's average weekly wage.
* * * * * * * * * * * * * * *
The Full Commission Adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the 28 December 1994 hearing, plaintiff was 54 years old, with a date of birth of 2 February 1940. Plaintiff is self-employed and owns an auto service center. In addition to his business, plaintiff holds the elective office of mayor of defendant. In his position as mayor, plaintiff receives no wages.
2. On 3 September 1993 a city-owned truck was parked across traffic lanes on Johnson Street, a public road, to block traffic. The reason that the truck was used to block traffic was to prevent heavy construction equipment from driving on the road and damaging the pavement. After the workday was finished, no one from the town was instructed to move the truck; and it remained parked across traffic lanes.
3. Plaintiff had the keys to the truck, and members of the Board of Aldermen tried to locate plaintiff at his business which was next to his house. When they were unsuccessful in locating plaintiff, one of the aldermen telephoned plaintiff's house. Plaintiff's wife spoke to the alderman and told him that she did not know where plaintiff was. Later, she found plaintiff asleep on the couch in the den (she had not heard him when he came home from work). She told plaintiff of the problems with the truck, and plaintiff left home to move the truck from the street.
4. Plaintiff's wife could not drive him to the truck because she was dressed to go to bed. Plaintiff decided to ride his bicycle to the truck because if he drove a car to the truck, he would be unable to drive both vehicles. Before riding to the truck, plaintiff stopped at his business and consumed a beverage containing two or three ounces of alcohol.
5. At the time plaintiff left for the truck, it was no longer daylight. Plaintiff rode to the truck by taking a route along Carmichael Street. There had been some construction along the side of the street, and the terrain was rough. A few moments after plaintiff had left his business, his bike struck a mound of dirt left by the construction crew. Plaintiff's bicycle stopped suddenly, and plaintiff was thrown over the handlebars. Plaintiff struck his forehead on the ground which caused a severe compression of the cervical spinal column. Plaintiff was not able to move after the fall.
6. As a result of the fall, plaintiff became a quadriplegic. He underwent an extensive course of medical treatment to relieve the compression of his spinal column. Although there were some pre-existing, degenerative impairments to his spinal column, the treatment he received for his back after 3 September 1993 was made necessary, as a result of the fall, to effect a cure, to provide relief, or reduce any period of time during which plaintiff was unable to be gainfully employed. While undergoing medical treatment, plaintiff has been able to obtain an unexpectedly good recovery.
7. There is insufficient evidence of record from which the undersigned can infer from its greater weight that intoxication was a significant contributing factor to the incident on 3 September 1993. In fact, the evidence tends to rebut intoxication at the time of the accident since there was insufficient time from the consumption of the alcohol and the time of the accident for any appreciable amount of alcohol to enter plaintiff's bloodstream and travel to plaintiff's brain. The incident when plaintiff fell from his bicycle was an injury by accident arising out of and in the course of plaintiff's employment as mayor of the defendant.
8. The Full Commission makes no finding of fact regarding any period of time during which plaintiff was unable to perform his duties as mayor, and the Full Commission makes no finding of fact regarding the degree of any permanent partial impairment which may have been caused by the fall.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 3 September 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Defendant has failed to prove that intoxication was a proximate cause of plaintiff's injury by accident. N.C.G.S. § 97-12.
3. As the result of his injury by accident on 3 September 1993, plaintiff is entitled to be paid by defendant temporary total disability compensation at the rate of $30.00 per week, the statutory minimum provided by the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(5); N.C.G.S. § 97-29; Barnhardtv. Cab Company, 266 N.C. 419, 146 S.E.2d 479 (1966).
4. The medical treatment plaintiff received for his back after 3 September 1993 was made necessary as a result of the injury by accident. N.C.G.S. § 97-25.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission afferens the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff compensation to which he is entitled pursuant to the North Carolina Workers' Compensation Act.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident of 3 September 1993.
3. Defendants shall pay all costs, including an expert witness fee in the amount of $500.00 to Dr. Kenneth Tucci and $200.00 to Dr. Kenneth Harpe.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER